(113 So. 320)

## SATTERFIELD v. STATE. (8 Div. 551.)

Court of Appeals of Alabama. June 7, 1927.

J. A. Lusk, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of seduction.

The statute (Code 1923, § 5490) defining and denouncing the offense is about as full and clear as any of the judicial constructions put upon same. So far as we can observe, the trial court in its oral charge, and certainly in connection with the numerous written charges given at defendant's request, covered fully, fairly, and accurately every principle of pertinent law in the case. Consequently, there was no error in refusing any one of the written charges appearing in the record, indorsed "Refused," regardless of the legal accuracy of such charges.

 We are not impressed with the ingenuous argument made as to the uncertainty or confusion that may have been caused in the minds of the jury as to the meaning of the phrase, "going with you," as used in the question to prosecutrix touching her relations with defendant. Every country raised boy, we feel sure, and every city raised boy, we believe, knows at once what is meant by "going with a girl." It means what it says, only more. To our minds, it conveys the idea that he was paying particular attention to her, keeping company with her, visiting her, taking her places, showing her courtesies, favoring her, and, generally speaking, getting on familiar terms with her.

There was no error in overruling the defendant's objection to the question calling for the information as to the defendant "going with prosecutrix." It might as well have been argued that the jury would have been confused by the expression in witness Kemp's testimony to the effect that defendant said he was "going to get him some," referring to the purpose of a visit he is alleged to have said he proposed making to prosecutrix. We have no doubt the meaning was clear to the jury.

 Every element of the offense seems to be found supported by the state's evidence, and legitimate inferences the jury may have drawn therefrom. Defendant's denial merely made the question of his guilt vel non one for the jury. There was no error in overruling his motion for a new trial.

The case appears to have been carefully and fairly tried, and, not finding any prejudicial error committed by the trial court, the judgment of conviction must be and is affirmed.

Affirmed.